IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, a Trust Fund, et al., | ) ) ) |
| Plaintiffs, | ) No. 06-4238-CV-C-NKL ) |
| v. | ) ) |
| DIAZ CONSTRUCTION CO., INC., | ) ) |
| Defendant. | ) |

## DEFAULT JUDGMENT

Upon the motion of the Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Construction Industry Laborers Vacation Fund, and Construction Industry Laborers Training Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. Plaintiffs herein on October 13, 2006 filed their Complaint against the defendant herein; and

2. The defendant was served through its Registered Agent, SPENSERV, INC., by Special Process Server with a copy of the Summons and Complaint on October 16, 2006, at 1000 Walnut, Suite 1400, Kansas City, MO 64106, and therefore the Court has jurisdiction over said defendant; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

1

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and the plaintiffs have heretofore filed in the within cause on the 20th day of December, 2006, the following pleadings and caused the same to be mailed by certified mail to: SPENSERV, INC., Registered Agent, 1000 Walnut, Suite 1400, Kansas City, MO 64106.:

    a. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

    b. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

    c. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

5. The Court entered a show-cause order on the 5th day of January, 2007, directing defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: SPENSERV, INC., Registered Agent, 1000 Walnut, Suite 1400, Kansas City, MO 64106., Registered Agent. Nevertheless, no proceedings have been made by defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Diaz Construction Company, Inc., and in favor of plaintiffs, Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Construction Industry Laborers Vacation Fund, and Construction Industry Laborers Training Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant, for the period **January 1, 2005 through June 30, 2006** the amount of **THREE THOUSAND, ONE HUNDRED EIGHTY-SIX AND 94/100 ($3,186.94) DOLLARS** in unpaid fringe benefit contributions, **SIX HUNDRED THIRTY-SEVEN AND 39/100 ($637.39) DOLLARS** as and for liquidated damages and **TWO HUNDRED FIFTY-FOUR AND 95/100 ($254.95) DOLLARS** representing interest representing interest on the unpaid contributions; **ONE THOUSAND, ONE HUNDRED TWENTY AND 12/100 ($1,120.12) DOLLARS** representing reasonable attorneys' fees; **SIX HUNDRED THIRTY-SEVEN AND 00/100 ($637.00) DOLLARS** representing audit costs, for a total of **FIVE THOUSAND, EIGHT HUNDRED THIRTY-SIX AND 40/100 ($5,836.40) DOLLARS;** and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2006,** to date.

3. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining

3

agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT II

1. That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant, for the period **January 1, 2005 through June 30, 2006** the amount of **FOUR THOUSAND, FIVE HUNDRED SIXTY-FOUR AND 44/100 ($4,564.44) DOLLARS** in unpaid fringe benefit contributions, **NINE HUNDRED TWELVE AND 89/100 ($912.89) DOLLARS** as and for liquidated damages and **THREE HUNDRED SIXTY-FIVE AND 16/100 ($365.16) DOLLARS** representing interest on the unpaid contributions; **NINE HUNDRED SIXTY AND 10/100 ($960.10) DOLLARS** representing reasonable attorneys' fees; **FIVE HUNDRED FORTY-SIX AND 00/100 ($546.00) DOLLARS** representing audit costs, for a total of **SEVEN THOUSAND, THREE HUNDRED FORTY-EIGHT AND 59/100 ($7,348.59) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of

4

the collective bargaining agreements and Trust Agreement for the period **July 1, 2006,** to date.

3. That the plaintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT III

1. That the plaintiff, Construction Industry Laborers Vacation Fund, have and

recover of and from the defendant, for the period **January 1, 2005 through June 30, 2006** the amount of **ONE THOUSAND, SEVENTY-EIGHT AND 62/100 ($1,078.62) DOLLARS** in unpaid fringe benefit contributions, **TWO HUNDRED FIFTEEN AND 72/100 ($215.72) DOLLARS** as and for liquidated damages and **EIGHTY-SIX AND 29/100 ($86.29) DOLLARS** representing interest on the unpaid contributions; **NINE HUNDRED SIXTY AND 10/100 ($960.10) DOLLARS** representing reasonable attorneys' fees; **FIVE HUNDRED FORTY-SIX AND 00/100 ($546.00) DOLLARS** representing audit costs, for a total of **TWO THOUSAND, EIGHT HUNDRED EIGHTY-SIX AND 73/100 ($2,886.73) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2006,** to date.

3. That the plaintiff, Construction Industry Laborers Vacation Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Vacation Fund on behalf of

6

employees working under the collective bargaining agreements.

     5.     That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

     6.     That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT IV

     1.     That the plaintiff, Construction Industry Laborers Training Fund, have and recover of and from the defendant, the sum of for the period **January 1, 2005 through June 30, 2006** in the amount of **THREE HUNDRED EIGHT AND 18/100 ($308.18) DOLLARS** in unpaid fringe benefit contributions, **SIXTY-ONE AND 64/100 ($61.64) DOLLARS** as and for liquidated damages and **TWENTY-FOUR AND 65/100 ($24.65) DOLLARS** representing interest on the unpaid contributions; **ONE HUNDRED SIXTY AND 01/100 ($160.01) DOLLARS** representing reasonable attorneys' fees; **NINETY-ONE AND 00/100 ($91.00) DOLLARS** representing audit costs, for a total of **SIX HUNDRED FORTY-FIVE AND 48/100 ($645.48) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

     2.     Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **July 1, 2006,** to date.

     3.     That the plaintiff, Construction Industry Laborers Training Fund, have and

recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **July 1, 2006,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Training Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

```
                                    _____
                                    S/ NANETTE K. LAUGHREY_____
                                    UNITED STATES DISTRICT JUDGE
```

DATED: January 23, 2007 _____